RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/17/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK DEWAYNE DAVIS** | **CIVIL ACTION NO. 1:12-CV-839** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

### Report and Recommendation

Before the Court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed by Petitioner Derrick Dewayne Davis. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his 2006 conviction and sentence in the Ninth Judicial District Court on two counts of sexual battery.

### *Procedural Background*

On June 8, 2005, Petitioner, Derick Dewayne Davis, was charged by bill of information with two counts of sexual battery, in violation of La.R.S. 14:43.1. A jury found him guilty of both counts. He was convicted on March 15, 2006, and sentenced to two terms of ten years at hard labor, with the sentences to run consecutively. Plaintiff appealed his conviction and sentence on the grounds that two maximum sentences, each to be served consecutive to the other, was excessive. Petitioner did not file a motion to reconsider his sentence or make a verbal motion to reconsider at the time of sentencing. The appellate court noted:

1

> "According to La.Code Crim.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence."

See State v. Davis, 947 So.2d 201, **2006-922** (La.App. 3 Cir. 12/29/06) (citations omitted). Nonetheless, even though the sentencing claim was barred, the appellate court, in the interest of justice, reviewed the sentence for excessiveness. The court found that the sentence was not excessive because Petitioner's conduct, while taking place at the same location, took place at different points in time and with different victims over a three month period. Thus, the conviction and sentence were affirmed on December 29, 2006.

Petitioner sought writs in the Louisiana Supreme Court [Doc. #1-3, p.22-27], which were denied on November 21, 2007. See State ex rel. Davis v. State, 967 So.2d 535, **2007-0457** (La. 2007). [Doc. #1-3, p.29]

On March 10, 2007, Petitioner filed an application for post-conviction relief in the 9th Judicial District Court. [Doc. #1-2, p.5] The trial court denied the application on March 23, 2007. [Doc. #1-3, p.10-13] Petitioner sought writs in the court of appeals in April 2007 (KH 07-469). [Doc. #1-3, p.14-21] The court denied writs on July 18, 2007, stating, "There was no error in the trial court's ruling. Furthermore, the issues of sufficiency of the evidence, erroneous jury instructions, and joinder were not raised

in Relator's application for post-conviction relief." [Doc. #1-3, p.116]

Additional writs of review were denied on May 5, 2008 (KH 08-480), July 30, 2008 (KH 08-540) (noting that the application was repetitive), and January 29, 2009 (KH 08-1036) [Doc. #1-3, p.117, 118, 121]

The court stated:

> Relator filed an application seeking supervisory review with this court on August 15, 2008. To the extent Relator is once again seeking review of the district court's March 23, 2007, ruling and to the extent Relator is re-raising issues examined on appeal, Relator's claims are repetitive. La.Code Crim.P. art. 930.4. Insofar as Relator contests his sentence, those claims are not reviewable on post-conviction. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. All other claims are beyond this court's scope of review as Relator has failed to demonstrate he first sought relief from the trial court. La.Code Crim.P. art. 930.2; Uniform Rules - Courts of Appeal, Rule 1-3. Accordingly, Relator's writ application is denied.

[Doc. #1-3, p.121]

On December 16, 2008, Petitioner filed an application for supervisory writ (CW 08-1525) and an application for writ of review (KH 08-1524). The supervisory writ was granted in part, for the sole purpose of remanding the matter to the trial court with documents for filing and disposition. In all other respects, the writ application was denied. [Doc. #1-3, p.122] The writ of review was denied on April 30, 2009. [Doc. #1-3, p.123]

Petitioner filed another application for post-conviction relief in the 9th JDC, which was denied on February 11, 2009, as

untimely.

He sought writ of review in the Third Circuit again on January 15, 2010 (KH 10-60). The writ was denied on February 4, 2010. [Doc. #1-3, p.124]

Yet another writ of review was filed on February 17, 2010 (KH 10-192). This one was denied on July 7, 2010. The court noted that Petitioner's claims of double jeopardy were abandoned and the issue of consecutive sentences was fully litigated on appeal in docket number 06-922.

He then filed several motions to correct an illegal sentence in the 9th JDC, which were denied on March 2, 2009, November 16, 2009, and April 29, 2010. [Doc. #37, p.37-39] He states that, on June 4, 2010 and June 28, 2010, he filed additional motions to vacate or correct illegal sentences, which were denied on June 21, 2010 and July 7, 2010. [Doc. #1-3, p.68, 79, 81, 88] He filed even more motions on June 12, 2010, June 28, 2010, and July 19, 2010. [Doc. #1-3, p.40-50;54] These motions were denied on July 26, 2010 with a notation "Denied. Out of time. No basis." [Doc. #1-3, p.51] Another motion to correct sentence was filed on or about August 2, 2010. [Doc. #1-3, p.52-64]

Petitioner filed a writ application in the Third Circuit Court of Appeal on July 12, 2010. The appellate court noted that the motion to vacate conviction and sentence was actually an untimely application for post conviction relief. [Doc. #1-3, p.68, 127]

Petitioner's sentence had become final in 2007. The writ was denied.

On August 4, 2010, Petitioner filed another writ application in the Third Circuit, Docket No. 10-927, seeking review of the denial of one of his state court motions to correct. The writ was denied on March 14, 2011, noting that the claim is not cognizable as a motion to correct illegal sentence, is treated as an application for post-conviction relief, and is untimely. [Doc. #1-3, p.66]

On March 1, 2011, Petitioner submitted a writ application in the Louisiana Supreme Court regarding the denials of his motions and writs. [Doc. #1-3, p.73] The writ was denied on August 19, 2011, citing La.C.Cr.P. art. 930.8, State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.

On September 15, 2011, Petitioner submitted another writ application in the Louisiana Supreme Court #2011-2033. [Doc. #1-3, p.30.] This one was denied on March 2, 2012, citing La.C.Cr.P. art. 930.8, State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, State v. Parker, 98-0256 (La. 5/8/98, 711 So.2d 694.

### Law and Analysis

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in

5

custody pursuant to the judgment of a State court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Some documents in the record identify this date as December 29, 2006, which is the date that the Third Circuit affirmed the conviction and sentence (Docket No. KH 06-922). However, Petitioner did seek writs in the Louisiana Supreme Court, which were denied in November 2007. Thus, based on the information and documents presented by Petitioner, for purposes of the AEDPA, Petitioner's conviction and sentence became final – at the latest – on February 21, 2008. 28 U.S.C. 2241(d)(1)(A).

The time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward the period of limitations. See 28 U.S.C. §2244(D)(2); <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998). However, in this case, Petitioner filed his application for post-conviction relief while his appeal was pending in the Louisiana Supreme Court. Even if the application was properly filed, it was no longer pending after July 18, 2007[1]. [Doc. #1-3, 10-13, 116]

Because Petitioner's direct review was not concluded until the

---

[1]Although Petitioner subsequently filed numerous duplicative "post-conviction" motions, those do not toll the statute of limitations.

Louisiana Supreme Court denied writs in November 2007, the judgment of conviction became final ninety days later. Thus, the AEDPA "clock" began to run ninety days after November 21, 2007, which was February 21, 2008. Petitioner had one year from that date, or until February 21, 2009, to file a petition for writ of habeas corpus in federal court. It is evident that he is several years too late.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of

limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2).** A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Lafayette, Louisiana, this 17th day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE